**Ronald E. WITCHER, Plaintiff–Appellant,**

v.

**CITY OF GREENVILLE, Defendant–Appellee.**

No. 03–4092.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 2004.

Decided April 13, 2004.

Greg Roosevelt, Edwardsville, IL, for Plaintiff–Appellant.

Douglas R. Heise, Schrempf, Blaine, Kelly & Darr, Alton, IL, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

**Order**

Amy Johnstone complained to the local police that Ronald Witcher had called her repeatedly, and visited her home, in a manner Johnstone deemed threatening, and that Witcher persisted after Johnstone told him to desist. Debra Keserauskis, a sergeant of the Greenville, Illinois, police, arrested Witcher for harassment by telephone, in violation of 720 ILCS 135/1–1. Asserting that Keserauskis had misunderstood the requirements of this statute, and that the arrest therefore had not been supported by probable cause, Witcher filed suit under 42 U.S.C. § 1983 against the City of Greenville but not Keserauskis. The district court granted summary judgment to the City, and Witcher appeals.

Witcher's suit is frivolous. *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), holds that § 1983 does not support vicarious liability, and that municipalities may be held to answer for their policies but not for operational errors. Witcher does not contend here—and did not argue in the district court—that the City of Greenville has a policy of arresting persons whose conduct does not violate state law. All that has been asserted is an operational error. At oral argument, Witcher's lawyer contended that the City is accountable because Keserauskis consulted the chief of police before making the arrest, but this does not come close to establishing a municipal policy of violating the fourth amendment. See, e.g., *Auriemma v. Rice,* 957 F.2d 397 (7th Cir.1992).

For reasons that are difficult to understand (or for the court to countenance, to the extent we understand them), the parties ignored *Monell* not only in the district court but also in their appellate briefs. They want us to resolve a constitutional question even though the statute does not authorize any relief against the only defendant. Courts can use the right legal principles whether or not the parties ask. See, e.g., *United States National Bank of Oregon v. Independent Insurance Agents of America, Inc.,* 508 U.S. 439, 447–48, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). Avoidance of unnecessary constitutional adjudication is a powerful reason for reaching an issue that the parties have disdained. We choose to apply *Monell,* and on this ground the decision of the district court is

AFFIRMED.